UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 05-388 (GK) |
| | : | |
| DARREN D. HAWKINS | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

1. Pursuant to a plea agreement, the defendant pled guilty on August 7, 2006, to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. Sections 922(g)(1) and 924(a)(2).

2. The defendant has six prior criminal convictions.[1]

3. Based upon a total offense level of 20, and the defendant's criminal history category of III, the guideline range for imprisonment is 30 to 37 months.[2]

4. The defendant is twenty-seven years-old, with those six previously mentioned adult criminal convictions. He acknowledged certain relevant criminal conduct by signing a factual

---

[1] The defendant has the following prior criminal convictions: F-8969-99 (Carrying a Pistol Without a License and Possession of Marijuana); M-15001-99(A) (Bail Reform Act Violation); F-2455-01 (Destruction of Property); F-2456-01 (Threats to Injure a Person); and F-2460-01 (Bail Reform Act Violation).

[2] This offense level takes into account that the defendant will presumably receive a three point downward adjustment for having taken responsibility for his criminal conduct.

proffer at the time of his August 7, 2006 guilty plea – he acknowledged responsibility for possessing an Intra-Tec 9mm machine gun loaded with 25 rounds of live ammunition. The defendant also acknowledged that he had previously been convicted of a felony offense in F-8969-99 in the Superior Court of the District of Columbia.

5. Pursuant to a plea agreement, the government will not allocate above the low end of the applicable Sentencing Guidelines range.

6. Notably, however, the government is strongly opposed to the Court imposing a concurrent sentence with any other case.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NO. 498-610

_____
AARON H. MENDELSOHN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 467-570
FEDERAL MAJOR CRIMES SECTION
(202) 514-9519

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing government's Memorandum in Aid of Sentencing to be served upon counsel for the defendant, Nikki Lotze, Esquire, 6801 Kenilworth Avenue, Suite 202, Riverdale, MD 20737-1352, this 31st day of October, 2006.

_____
AARON H. MENDELSOHN
ASSISTANT UNITED STATES ATTORNEY